# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| IRIE WILLIAMS BRINSON, | ) | |
| | ) | |
| v. | ) | Case No. CV611-049 |
| | ) | CR609-023 |
| UNITED STATES OF AMERICA | ) | |

## REPORT AND RECOMMENDATION

Irie Williams Brinson filed a "Breif [sic] for Habeas Corpus 2255." CR609-049, doc. 91 at 1. Indicted for a variety of drug charges, doc. 3, he pled guilty to distribution of a quantity of cocaine base within 1,000 feet of a school zone and a playground, in violation of 21 U.S.C. § 841(a)(1) and § 860. Doc. 76 & 77. The Court sentenced him to 200 months' imprisonment (doc. 74 at 2) and, consistent with his appeal waiver, doc. 77 at 6, he took no appeal. It sentenced his co-defendant, Franklin Lamar Bacon, to 37 months. Doc. 76.

Brinson now cites that sentencing disparity as "unfair" and thus grounds for § 2255 relief. Doc. 91. Plus, he claims that his lawyer was ineffective because he "never made him aware that his co-defends [sic] deal was much less then [sic] his or that he [e]ntitled [sic] to the same

sentence as his co-defendant." *Id.* at 1-2. This Court issued Brinson a "*Castro*" warning, *see Castro v. United States*, 540 U.S. 375, 383 (2003), doc. 92, and he has, by his inaction, elected to proceed on this claim. *See* doc. 92 at 3 ("If, after thirty days, he does not replace his "brief" or withdraw it, the Court will proceed to rule on it as filed -- as a § 2255 motion."). The Court will thus conduct a § 2255 Rule 4 preliminary review.

Sentencing disparity claims have been reached on direct appeal.[1] And "although the sentencing process may be reviewed by the district court on a § 2255 motion, the severity of a sentence within statutory limits may not be reviewed because it raises no constitutional or statutory question." *Nelson v. United States*, 709 F.2d 39, 40 (11th Cir. 1983); *Fonseco v. United States*, 2011 WL 2457854 at * 5 (S.D. Fla. Apr. 18,

---

[1] *See, e.g., United States v. Hill*, 643 F.3d 807, 848 (11th Cir. 2011) (reasonable bases existed for differences in 127-month sentence received by defendant and 5-month sentence received by co-defendant for their involvement in mortgage fraud and money laundering scheme; although defendant and co-defendant were both appraisers involved in scheme, defendant participated in more transactions than co-defendant, co-defendant did not profit from scheme, and amount of loss was grossly overstated in her criminal conduct compared to other defendants); *United States v. Blackwell*, 127 F.3d 947, 951 (10th Cir. 1997); *but see United States v. Regueiro,* 240 F.3d 1321, 1325-26, (11th Cir. 2001) ("Disparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal").

2011). In that disparity is a subset of severity, and Brinson does not show he received a sentence beyond the statutory limits, his § 2255 motion fails to the extent that he raises a severity/disparity claim now. *See Wilson v. United States*, 2008 WL 2024966 at * 3 (M.D. Ga. May 8, 2008) ("Petitioner Wilson's complaint regarding the sentences of his co-defendants does not rise to the level of violation of a constitutional right and affords no relief in § 2255.").

Nor can Brinson show that his lawyer was constitutionally ineffective[2] for failing to make him "aware that his codefendant's deal

---

[2] To prevail on a claim of ineffective assistance of counsel (IAC), a defendant must establish two elements: (1) that counsel's performance fell below the wide range of reasonably competent performance under prevailing professional standards and (2) that but for counsel's deficient performance, the outcome of the proceedings probably would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-89 1984). In evaluating counsel's performance, "every effort [must] be made to eliminate the distorting effects of hindsight ... [and] a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. This standard applies to challenges to guilty pleas. *Stano v. Dugger*, 921 F.2d 1125, 1149-51 (11th Cir.1991). A guilty plea must be entered into with the advice of competent counsel regarding alternative courses of action open to the defendant. *Id*. Counsel's failure to provide the defendant with reasonably competent advice can leave a guilty plea open to attack as involuntary. *Id*. But

> [s]urmounting *Strickland's* high bar is never an easy task. *See, e.g.*, 466 U. S., at 689 ("Judicial scrutiny of counsel's performance must be highly deferential"); *id*., at 693 (observing that "[a]ttorney errors ... are as likely to be utterly harmless in a particular case as they are to be prejudicial"). Moreover, to obtain relief on this type of claim, a petitioner must convince the

was much less than his or that he was [e]ntitled to the same sentence as his co-defendant." Doc. 91 at 2. First, Brinson fails to show that he would not have pled guilty had his lawyer so informed him. *See supra* n. 1. Second, any failure to investigate and inform in that manner does not meet the *Strickland* standard. *Blackwell*, 127 F.3d at 954-56 (no ineffective assistance when counsel failed to investigate sentencing of coconspirator despite counsel's concession that, in hindsight, he should have investigated coconspirator's sentence). And third, Brinson waived his right to even bring this § 2255 motion.[3]

---

court that a decision to reject the plea bargain would have been rational under the circumstances. *See Roe v. Flores-Ortega*, 528 U. S. 470, 480, 486 (2000).

*Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1485 (2010).

[3] The Plea Agreement between him and the United States includes this provision:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence *in any post-conviction proceeding, including a § 2255 proceeding, on any ground*, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 77 at 6 (emphasis added). "Here, the terms of the waiver provision are

Accordingly, Irie Williams Brinson's Motion to Vacate, doc. 91, should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  8th  day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

abundantly clear -- no collateral attack is allowed." *U.S. v. Graham*, 2011 WL 2689052 at * 6 (10th Cir. Jul. 12, 2011); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. . . . [A] contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.").