# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| IRIE WILLIAMS BRINSON | ) | |
| | ) | |
| v. | ) | Case No. CV611-049 |
| | ) | CR609-023 |
| UNITED STATES OF AMERICA | ) | |

## REPORT AND RECOMMENDATION

Irie Williams Brinson[1] has submitted for filing his second 28 U.S.C. § 2255 motion attacking the same drugs-based conviction and sentence that he has previously challenged under § 2255. Doc. 100 at 3[1] (requesting that his plea be "withdrawn" and that he be "re-sentenced as to the illegal enhancement"); *see also* doc. 91 (first § 2255 motion premised upon, *inter alia*, a sentencing disparity claim); doc. 97 (unappealed judgment denying it on the merits). Since this is a successive § 2255 motion, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement).

---

[1] Inexplicably, he no longer uses his first name. Doc. 100 at 1.

In fact, district courts *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Mattox v. United States*, 460 F. App'x 828, 829 (11th Cir. 2012) ("When a prisoner has previously filed a § 2255 motion . . . he must apply for and receive permission from us before filing a successive § 2255 motion") (quotes and cite omitted). Because movant has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive.

Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should

likewise be **DENIED**.   28 U.S.C. § 1915(a)(3).

  **SO  REPORTED  AND  RECOMMENDED**, this 3rd day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
